<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

RAHIM R. CALDWELL,                           :
                                         :
        Plaintiff,    :    Civil No. 08-1591 (RMB)
                                         :
     v.               :
                                         :
PLEASANTVILLE MUNICIPAL COURT, :
PLEASANTVILLE,                               :
                                         :
        Defendants.   :

---

RAHIM R. CALDWELL,                           :
                                         :
        Plaintiff,    :    Civil No. 08-1592 (RMB)
                                         :
v.                                           :
                                         :
VINELAND MUNICIPAL COURT,                    :
CITY OF VINELAND,                            :
                                         :
        Defendants.   :

---

RAHIM R. CALDWELL,                           :
                                         :
        Plaintiff,    :    Civil No. 08-1593 (RMB)
                                         :
v.                                           :
                                         :
VINELAND MUNICIPAL COURT,                    :
CITY OF VINELAND,                            :
                                         :
        Defendants.   :

---

1

RAHIM R. CALDWELL,                    :
                                      :
                  Plaintiff,          :      Civil No. 08-1594 (RMB)
                                      :
v.                                    :
                                      :
CUMBERLAND COUNTY SHERIFFS            :
DEPARTMENT, CUMBERLAND COUNTY,        :
VINELAND POLICE DEPARTMENT,           :
CITY OF VINELAND,                     :
                                      :
                  Defendants.         :
_____ :

RAHIM R. CALDWELL,                    :
                                      :
                  Plaintiff,          :      Civil No. 08-1595 (RMB)
                                      :
v.                                    :
                                      :
HAMILTON TOWNSHIP MUNICIPAL           :
COURT ATLANTIC COUNTY,                :
TOWNSHIP OF HAMILTON,                 :
                                      :
                  Defendants.         :
_____ :

RAHIM R. CALDWELL,                    :
                                      :
                  Plaintiff,          :      Civil No. 08-1596 (RMB)
                                      :
v.                                    :
                                      :
VINELAND MUNICIPAL COURT,             :
CITY OF VINELAND,                     :
                                      :
                  Defendants.         :
_____ :

```
RAHIM R. CALDWELL,              :
                                :
            Plaintiff,          :      Civil No. 08-1597 (RMB)
                                :
v.                              :      OPINION
                                :
VINELAND MUNICIPAL COURT,       :
CITY OF VINELAND,               :
                                :
            Defendants.         :
                                :
```

This Court has reviewed each application for leave to proceed in forma pauperis and finds that Mr. Caldwell, based upon his affidavit information, is unable to afford the filing fee. Accordingly, his applications are granted pursuant to 28 U.S.C. §1915(a), and the Clerk of the Court will be directed to file the Complaint in each of the above matters.

When a complaint is filed in forma pauperis under Section 1915, as in these cases, the Court is directed to preliminarily review the allegations of the complaint and to dismiss the case if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted or seeks monetary relief against the defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In reviewing each Complaint, the Court assumes that Mr. Caldwell's factual allegations are true and determines whether such facts, if proved, would entitle him to the relief that he

seeks.  Plaintiff's entire claims in each case are as follows:[1]

Civil No. 08-1591

Prose Plaintiff Rahim R. Caldwell claims on 10-25-07 the defendants violated prose plaintiffs 8th amendment right by setting $500 full cash no 10% Bail on 2c:33-2A(1), a petty disorderly persons offense, when under this charge the bail range is $100 to $500 10% Bail.

The defendants also violated plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

Civil No. 08-1592

Prose plaintiff rahim r. Caldwell claims on 12-21-06 the defendants violated prose plaintiffs 8th amendment right by setting a $500 cash no 10% bail on 2C:33-2A, a petty disorderly persons offense,when under NJ bail procedures on this charge the bail range is $100 to $500 10% Bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

Civil No. 08-1593

Prose plaintiff Rahim R. Caldwell claims on 12-22-06 the defendants violated prose plaintiffs 8th amendment right by setting a $2500 cash no 10% bail on 2C:12-1A(3), a disorderly persons offense, when under NJ Bail procedures on this charge the bail range is $500 to 2500 10% Bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

Civil No. 08-1594

Prose plaintiff Rahim R. Caldwell claims on the 5th day of December 2007 the Defendants violated prose plaintiffs 4th amendment right by illegally entering a location not on warrant, searched the location, seized

_____

[1]  The Court has set forth Plaintiff's claims exactly as he has stated and typed them.

plaintiff and told plaintiff they had a warrant to
enter said location. The address on warrant: 1299 east
Cornell Street, not the same location where prose
plaintiff was seized. The date on the warrant is
11/8/2007. Prose plaintiff claims their actions
therefore violated prose plaintiffs 4th amendment
right. Prose plaintiff requests a trial by jury.

Civil No. 08-1595

Prose plaintiff Rahim R. Caldwell claims on 10-10-07
the defendants violated prose plaintiffs 8th amendment
right by setting $2500 cash bail on 2C:29-1B, a
disorderly persons offense, when under NJ bail
procedures on this charge the bail range is $500 to
$2500 10% Bail. Defendants also violated prose
plaintiffs 4th amendment right by issuing a warrant
without probable cause.  Prose plaintiff requests a
trial by Jury.

Civil No. 08-1596

Prose plaintiff Rahim R. Caldwell claims on 12-7-07 the
defendants violated prose plaintiffs 8th amendment
right by setting a $2500 cash no 10% bail on 2c:33-2A,
a petty disorderly persons offense, when under NJ bail
procedures on this charge the bail range is $100 to
$500 10% bail. Defendants also violated prose
plaintiffs 4th amendment right by issuing a warrant
without probable cause. Prose plaintiff requests a
trial by jury.

Civil No. 08-1597

Prose plaintiff Rahim R. Caldwell claims on 8-24-07 the
defendants violated prose plaintiffs 8th amendment
right by setting a $2500 full cash no 10% bail on
2C:33-2A(2), a petty disorderly persons offense, when
under NJ bail procedure on this charge the Bail Range
is $100-$500 10% bail. Defendants also violated prose
plaintiffs 4th amendment right by issuing a warrant
without probable cause. Prose plaintiff requests a
trial by Jury.

        In each case, Plaintiff asserts constitutional violations

under the Fourth and Eighth Amendments.  Generally, a claim is

not enforceable directly under the Constitution, but rather the
procedural vehicles of 42 U.S.C. § 1983 and other civil rights
statutes.  Gonzaga University v. Doe, 536 U.S. 273, 284-85
(2002).  Construing Plaintiff's pleadings liberally, this Court
interprets Plaintiff's Complaints to allege constitutional
violations under 42 U.S.C. § 1983.

     To state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

     The law is well-settled that a section 1983 claim may be
brought only against a "person."  See, e.g., Will v. Michigan
Department of State Police, 491 U.S. 58 (1989); Monell v. New
York City Department of Social Services, 436 U.S. 658 (1978).
Here, Plaintiff's claims against each of the municipal courts
must be dismissed because they are not "persons" capable of being
sued under section 1983.  Plaintiff's claims against the
Cumberland County Sheriff's Department and Vineland Police
Department must also be dismissed because such entities are not
"persons" capable of being sued under section 1983.

     In addition, local government units generally are not liable

6

under § 1983 solely on a theory of <u>respondeat superior</u>.  See <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n. 8 (1985); <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003).  Here, Plaintiff's claims against the municipalities must be dismissed because Plaintiff makes no claim legally cognizable.

Accordingly, this Court finds that each of the above Complaints fails to state a claim upon which relief can be granted, and each Complaint shall be dismissed under 28 U.S.C. § 1915(e)(2).

An accompanying Order will be entered in each case.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 4, 2008

7